JOHN S. EVANS and SUE A. EVANS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Evans v. Commissioner
Docket No. 9072-86
United States Tax Court
T.C. Memo 1991-421; 1991 Tax Ct. Memo LEXIS 470; 62 T.C.M. (CCH) 614; T.C.M. (RIA) 91421; August 27, 1991, Filed *470 Walter J. Rockler and Richard L. Hubbard, for the petitioner. Elizabeth P. Flores, for the respondent. TANNENWALD, Judge. TANNENWALD
SUPPLEMENTAL MEMORANDUM OPINION This case is again before us on petitioners' motion for reconsideration of that portion of our opinion on remand (T.C. Memo 1991-272) which denies them the investment credit to the extent of their share of the cash and recourse note investment of the partnership in respect of "Heartbeat." Petitioners assert that they are entitled to such credit because they were lenders or guarantors within the meaning of section 1.48-8(a)(4)(iii), Income Tax Regs.[1]
*471 As our opinion on remand observed, petitioners had not specifically asserted any such claim. However, petitioners did point out to the Court, in their brief on remand, that the issue in respect of the availability of the investment credit, where only a contractual right to profits was acquired, turns on a determination of ultimate liability and cited to the Court, without elaboration, several cases where the investment credit had been allowed on the basis that the taxpayers were "lenders" or "guarantors" pursuant to the regulation, i.e., Bailey v. Commissioner, 90 T.C. 558, 621-624 (1988), affd. in part and vacated in part 912 F.2d 44 (2d Cir. 1990); Durkin v. Commissioner, 87 T.C. 1329, 1382-1386 (1986), affd. 872 F.2d 1271 (7th Cir. 1989); Law v. Commissioner, 86 T.C. 1065, 1111-1112 (1986); Brown v. Commissioner, T.C. Memo 1988-527, affd. without published opinion (9th Cir., Nov. 13, 1990); Schwartz v. Commissioner, T.C. Memo 1987-381, affd. without published opinion 930 F.2d 920 (9th Cir. 1991); Isenberg v. Commissioner, T.C. Memo 1987-269; *472 Vandenhoff v. Commissioner, T.C. Memo 1987-116. Perhaps the failure of petitioners to assert a claim specifically based on lender or guarantor status can be attributed to view that the application of the pertinent portion of section 1.48-8(a)(4)(iii), Income Tax Regs., would automatically flow from a determination of the risk-of-loss issue. Respondent in his response to petitioners' motion for reconsideration has made no attempt to deal with the authorities cited by petitioners to point to any provisions in the galaxy of complex agreements involved herein which could be said to relieve the partnership or the partners of ultimate liability to the extent of the cash and recourse note investment in "Heartbeat." In the interest of making certain that the Court reaches the right result, we have re-examined these agreements and have concluded that, despite the lack of specificity in petitioners' position, the partnership, and through it the partners, did assume and retain such ultimate liability. Such being the case, the "lender" or "guarantor" provision of the regulations applies and petitioners are entitled to their share of the investment credit in respect of *473 the cash and recourse note investment credit in respect of the cash and recourse note investment of the partnership. Upham v. Commissioner, 923 F.2d 1328, 1337-1338 (8th Cir. 1991), affg. T.C. Memo 1989-253, is distinguishable because, in that case, the partnership could look to a third party for reimbursement of its investment. See also Tolwinsky v. Commissioner, 86 T.C. 1009, 1055 (1986). Accordingly, petitioners' motion will be granted in that our opinion on remand herein will be deemed modified, for the reasons stated herein, to reflect their entitlement to their share of the investment credit of the partnership, and such modification shall be taken into account in the submission, as previously directed therein, of a decision under Rule 155. An appropriate order will be issued. Footnotes
1. That section provides as follows: (iii) Certain lenders and guarantors considered to have an ownership interest. To qualify for the investment credit with respect to a qualified film, the taxpayer must have a depreciable interest in at least a part of the film. Solely for purposes of this paragraph, a taxpayer who, at the time a film is first placed in service, is a lender or guarantor of all or a portion of the funds used to produce or acquire the film or part thereof, will be regarded as having a depreciable interest in at least part of the film if he can look for repayment or relief from liability solely to the proceeds generated from the exhibition or disposition of at least a part of the film. In addition, if the financing for a film was part of an agreement which provided funds for the production of several qualified films, and a lender or guarantor can look for repayment or relief from liability solely to the aggregate proceeds generated from at least a part of each film, the lender or guarantor will be considered to have an ownership interest in each film. A commercial lender will not be considered to have an ownership interest in any film simply by reason of a commercial loan. If a lender or guarantor (other than a producer who owned the film and made or guaranteed a loan to a purchaser) is regarded as having an ownership interest in the film, the lender or guarantor shall be treated as having purchased the interest under paragraph (g)(1) of this section for an amount equal to the principal amount of the loan which it made or guaranteed.↩